IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**STATE OF WEST VIRGINIA,**

      **Plaintiff,**

v.                                               **CIVIL ACTION NO.: 1:24-CV-26**
                                                             **(JUDGE KLEEH)**

**EMMANUEL JONES,**

      **Defendant.**

## REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING, RECOMMENDING THAT COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE, THAT PLAINTIFF'S MOTION TO DISMISS [ECF NO. 10] BE GRANTED, AND THAT STATE CRIMINAL PROCEEDINGS BE REMANDED TO STATE COURT

On March 5, 2024, *pro se* Defendant Emmanuel Jones ("Defendant") filed a pleading styled as a purported removal of state court criminal matters in which he is a named defendant. [ECF No. 1]. Having screened Defendant's attempted removal of the state action and the claims lodged therein, in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the claims be **DISMISSED WITHOUT PREJUDICE** for failure to establish subject matter jurisdiction. The undersigned further **RECOMMENDS** that Defendant's related motions to proceed *in forma pauperis* [ECF Nos. 4, 5] be **DENIED**, that Plaintiff's motion to dismiss [ECF No. 10] be **GRANTED**, and that the matter be **REMANDED** to state court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint reflects Defendant's attempt to remove a state felony criminal proceeding from the Circuit Court of Monongalia County, West Virginia (which is located in the Northern District of West Virginia) to this Court. Defendant recently (and unsuccessfully) attempted to remove this (and other) matters to this Court, as reflected in the matters bearing Case No. 1:23-

1

CV-42. Case No. 1:23-CV-85, and Case No. 1:23-CV-102.[1] In those prior matters, the undersigned United States Magistrate Judge recommended that the claims be dismissed and that, in the instances of attempted removal to this Court, that the matters be remanded to state court. The presiding District Judge therein, the Hon. Thomas S. Kleeh, Chief United States District Judge, entered Orders in the respective matters adopting the undersigned's Reports and Recommendations, thus dismissing the claims and, where needed, remanding the matters. Thus, the undersigned's summary, review, analysis, conclusions, and recommendations herein are the same or similar to those set forth in prior matters.

Finally, in conjunction with the Complaint herein, Defendant filed two *pro se* Motions for Leave to Proceed *in forma pauperis,* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF Nos. 4, 5].

On March 5, 2024, Judge Kleeh entered a Referral Order [ECF No. 6], referring the instant matter to the undersigned in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

As to Plaintiff's motion to dismiss, the Court entered a Roseboro notice [ECF No. 13] on April 8, 2024, advising Defendant of the pending motion to dismiss and his right to respond to it. On April 26, 2024, Defendant filed responses [ECF Nos. 14, 15] in opposition to the motion to dismiss. Finally, the Court is in receipt of Plaintiff's reply [ECF No. 16] in support of its motion to dismiss.

---

[1] In Case No. 1:23-CV-42, Defendant attempted to remove these same state criminal proceedings *and* state abuse and neglect proceedings. In Case No. 1:23-CV-85, Defendant also attempted to remove the state criminal proceedings *and* the state abuse and neglect proceedings. In Case No. 1:23-CV-102, Defendant attempted to remove *only* the state abuse and neglect proceedings. And in the instant matter, Defendant attempts to remove *only* the state criminal proceedings.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a claimant is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from an opposing party who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while

3

28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Defendant's *pro se* status in this context. Because Defendant is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a claimant could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the claimant's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Defendant bases his attempted removal on a series of jurisdiction statutes, including 28 U.S.C. §§ 1331, 1441, 1443, and 1455. [ECF No. 1]. In so doing, he purports to remove a criminal matter pending in Monongalia County, West Virginia Circuit Court, bearing Case No. 23-F-221. In that felony criminal matter, it appears that Defendant was indicted for alleged violations of West Virginia Code § 61-6-24(b) (Threat of Terrorist Acts) and West Virginia Code § 61-5-27(c)(1) (Retaliation Against a Public Official). [ECF No. 11, at 2]. Defendant argues that the state court indictment is defective. He seeks to dismiss it in this Court, arguing that there are deficiencies in venue and physical evidence. [ECF No. 1, at 3-5].

### IV. ANALYSIS

The Complaint [ECF No. 1] contains **no factual** allegations as a basis for Defendant's claims which would establish jurisdiction in this Court and allow this Court to grant relief. Nor does Defendant set forth in the claims (contained within the notice by which he purports to remove

the state criminal proceedings) the necessary legal grounds establishing jurisdiction in this Court which would entitle him to any relief.

### A. Federal courts are courts of limited jurisdiction, and Defendant has not shown that this Court has jurisdiction.

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to consider the issues raised in the claims. Federal courts are not courts of general jurisdiction and may only act pursuant to the power granted to them by Article III of the Constitution and acts of Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Accordingly, federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Only a well-pleaded complaint gives rise to such "federal question" jurisdiction, and jurisdiction cannot be based on defenses or counterclaims. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152-153 (1908). Additionally, federal courts may also hear cases that meet the requirements of "diversity" jurisdiction, outlined in 28 U.S.C. § 1332. In either type of case (federal question or diversity), a party may remove a case to federal court only when subject matter jurisdiction exists, as well. Ultimately, the removing party has the burden to prove that the federal court has jurisdiction over the case to be removed. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022).

Here, Defendant asserts that this Court has subject matter jurisdiction pursuant to federal question jurisdiction.[2] [ECF No. 1, at 1]. He further asserts that this Court has subject matter jurisdiction pursuant to federal question jurisdiction and the jurisdiction provisions available under 28 U.S.C. §§ 1443 (civil rights cases) and 1455 (removal of criminal prosecutions). [ECF No. 1, at 1]. In scattershot and inconclusive fashion, Defendant also cites to a number of other federal

---

[2] Defendant also cites 28 U.S.C. § 1441 as a basis for removal, which is a statute that merely outlines procedures related to removal of a civil case and is not, standing alone, a valid basis for removal.

statutes, constitutional provisions, and poorly-articulated legal principles as a basis for jurisdiction, but does not explain their supposed applicability in any sensical fashion. Thus, the undersigned does not parse through them all. In any event, as outlined below, Defendant has not carried his burden of showing that this Court has jurisdiction over these claims.

> **B.  More specifically, Defendant does not demonstrate subject matter jurisdiction as to state criminal proceedings, and thus he cannot remove his state criminal charges to be litigated in this Court.**

Here, Defendant essentially seeks federal review of a state court's decision regarding matters squarely and solely within that state court's jurisdiction. This is a form of review Defendant may not obtain. Defendant's various claims regarding constitutional violations in this matter are of no moment; they do not give rise to federal question jurisdiction, as the underlying state criminal proceedings are predicated on state law and there is no federal interest in this case. See American Well Works Co. v. Layne, 241 U.S. 257, 259-260 (1916); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

Additionally, Defendant relies on 28 U.S.C. § 1443 [ECF No. 1, at 1], but it is not a valid basis for removal in this case. This statute allows for the removal of criminal and civil cases commenced in state courts when a law providing for the equal civil rights of individuals is denied or cannot be enforced in that state's court. Specifically, the statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

This statute applies "only to rights that are granted in terms of [racial] equality and not to the whole gamut of constitutional rights." Georgia v. Rachel, 384 U.S. 780, 792 (1966) (citation and quotation omitted). Rights that inhere in every citizen under the United States Constitution are not rights "arising under a law providing for 'equal civil rights'" under Section 1443. Greenwood v. Peacock, 384 U.S. 808, 825 (1966). For example, "broad contentions under the First Amendment and the Due Process of the Fourteenth Amendment" are applicable to all citizens, and therefore, cannot support removal under Section 1443. Rachel, 394 U.S. at 792.

To successfully remove a matter to federal court under 28 U.S.C. § 1443(1), a party seeking removal must satisfy a two-prong test. Rachel, 384 U.S., at 788. First, that party must prove the rights allegedly denied to them arise under a federal law providing for specific civil rights stated in terms of racial equality. Id. Second, a party must also prove they have been denied or cannot enforce the specific civil rights in state court. Id. To successfully establish removal under 28 U.S.C. § 1443(2), the party removing the action from state court must be either a federal officer or a person assisting a federal officer in the performance of their official duties. Greenwood, 384 U.S. at 816.

In the instant case, Defendant has not satisfied the requirements for removal under either subsection (1) or subsection (2) of the statute. First, as to subsection (1), Defendant has not alleged that any of his civil rights stated in terms of racial equality have been violated, nor has he made any demonstration that he has been denied or cannot enforce specific civil rights regarding racial equality in state court. Defendant's grievances are wide-ranging: from allegations of ineffective assistance of counsel to the mishandling of matters by state court officials. However, Defendant has not specified how civil rights laws pertaining to racial equality are implicated in such a way

7

that this removal statute applies. Secondly, as to subsection (2), Defendant has not in any way alleged that he is a federal officer, nor is he asserting that he is assisting a federal officer in the performance of their duties. Simply put, then, Defendant has not satisfied the requirements under any provision of 28 U.S.C. § 1443 to remove his case to federal court.

Therefore, Defendant's notice of removal, including the claims he attempts to set forth therein, and associated materials filed with it, and the information detailed therein, do not satisfy the burden to show that removal of the state case to federal court is proper.

In sum, Defendant fails to meet his burden of satisfying a basis for removal, in that he fails to establish that subject matter jurisdiction lies herein, given the substance of the matter raised. After all, federal "removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand." Councell v. Homer Laughlin China Co., 823 F.Supp.2d 370, 375 (N.D.W. Va. 2011) (citing Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)).

Accordingly, the undersigned **FINDS** that Defendant has not demonstrated that subject matter jurisdiction lies herein for the state criminal matters matters, and **RECOMMENDS** that those matters be **REMANDED** and the claims he attempts to lodge be **DISMISSED WITHOUT PREJUDICE**.

    **C.**    **Defendant's state criminal case does not fall within the extremely limited category of criminal cases that can be removed to federal court.**

Defendant's pending state criminal charges cannot be removed based on federal question jurisdiction or any other plausible removal statute. Defendant cannot remove the state criminal action pending against him to federal court and litigate his case here, nor can this Court dismiss the state criminal charges against him. Federal courts have limited jurisdiction that does not extend to state criminal law matters except in very limited circumstances. A criminal defendant attempting

8

to remove their state criminal case to federal court "must clearly show membership of highly specific class of individuals covered by 28 U.S.C. §§ 1442 (federal employee acting in course/scope of duty); 1442a (member of armed services); or 1443 (person prosecuted for exercising protected right to racial equality)." South Carolina v. Montgomery, No. 4:17-cv-015550-RBH-KDW, 2017 WL 3530523 at *2 (D.S.C. July 27, 2017).

Defendant has not alleged in any fashion that he is a federal employee or a member of the armed services, a necessary contention if he were seeking to proceed under 28 U.S.C. §§ 1442 or 1442a. And as for 28 U.S.C. § 1443, as outlined in the analysis above, Defendant has not alleged nor demonstrated that any of his civil rights stated in terms of racial equality have been violated or cannot be enforced in state court. Thus, Defendant fails to meet the threshold requirement that he state any "short and plain statement of the grounds for removal" or any authority that would support removal of his state criminal case to federal court as required under 28 U.S.C. § 1455.

Moreover, Plaintiff's argument about the application of the Younger Doctrine here is well-founded. [ECF No. 11, at 10-12]. This represents seminal caselaw about how federal courts are to abstain from interference in state court proceedings absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37 (1971). Under Younger,

> [A] federal court should abstain from interfering in a state proceeding, even though it has jurisdiction to reach the merits, if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit."

Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citation omitted). As Plaintiff rightly notes, Younger abstention applies in the instant case, under this test. First, the state court criminal proceedings involving Defendant are ongoing – and were instituted before there are appreciable

developments herein. Second, the state interests implicated are substantial, in that the charges involve allegations of threats against state officials. And finally, Defendant can raise whatever alleged defects he perceives in the context of the state criminal proceedings. Thus, Defendant does not clear the hurdle of the Younger Doctrine.

Accordingly, the undersigned **FINDS** that Defendant has not demonstrated subject matter jurisdiction of the state criminal matter, and **RECOMMENDS** that the matter be **REMANDED** and the claims he attempts to lodge be **DISMISSED WITHOUT PREJUDICE**.

### E. Defendant's Request to Proceed *in forma pauperis* should be denied.

As indicated above, the undersigned **FINDS** that Defendant fails to show that the Court has jurisdiction of any matter which Defendant seeks to remove to this Court. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned **RECOMMENDS** that Defendant's motions to proceed *in forma pauperis* [ECF Nos. 4, 5] be **DENIED**.

### V. RECOMMENDATIONS AND CONCLUSION

For the abovementioned reasons, the undersigned **FINDS** that the notice of removal, in which Defendant attempts to lodge various claims [ECF No. 1], sets forth no basis for the Court's subject matter jurisdiction. Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant's claims, filed in *forma pauperis* [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMENDS** that Defendant's motions to proceed *in forma pauperis* [ECF Nos. 4, 5] be **DENIED**. Finally, the undersigned **RECOMMENDS** that Plaintiff's motion to dismiss

and remand [ECF No 10] be **GRANTED**[3] and the matter be **REMANDED** to state court for disposition of all proceedings at issue.

Any party shall have fourteen (14) days from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to *pro se* Defendant by certified mail, return receipt requested.

---

[3] In its memorandum in support of its motion to dismiss [ECF No. 11, at 13], Plaintiff also requests that the Court prohibit Defendant from filing yet another notice of removal in this Court. The undersigned will defer to the presiding District Judge about the propriety of such a measure.

**DATED**: May 1, 2024.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

12